IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDER DAVID DE LA OSSA CANATE,<br>Petitioner,<br>v.<br>FACILITY ADMINISTRATOR, Northwest Immigration and Customs Enforcement Processing Center; *et al.*,[1]<br>Respondents. | No. 2:26-CV-03905-SAB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court is Petitioner's Motion for Temporary Restraining Order, ECF No. 2. Petitioner is representing himself in the matter. Respondents have not filed a notice of appearance.

---

[1] Petitioner names several Respondents. The proper respondent for a § 2241 petition is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243). Because Petitioner is currently detained at the Northwest Immigration Processing Center, the proper respondent for this action is the individual in charge of that facility. Accordingly, the Clerk is DIRECTED to name Bruce Scott, Warden of the Northwest Immigration Processing Center, as a Respondent in this action.

Petitioner is a citizen of Venezuela and Colombia who entered the United States on July 19, 2023. It does not appear that Petitioner was detained for any length of time upon encountering immigration officials and he was issued with a Notice to Appear and released. Petitioner has resided in the United States since then, and his removal proceedings remain pending. He indicates that he was detained by ICE on October 1, 2026, without prior notice or an opportunity to be heard.

Petitioner requests the Court enter a temporary restraining order that: (1) orders his immediate release from custody or a bond hearing within seven days; (2) prohibits Respondents from transferring him outside of the district while his habeas petition is pending; and (3) prohibits Respondents from removing him from the United States while his habeas petition is pending.

Preliminary injunctions and temporary restraining orders are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of a temporary restraining order is to preserve the status quo before a hearing on the merits can be held. *Granny Goode Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). To successfully move for a temporary restraining order, the moving party must establish: (1) the likelihood that the movant will succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in the movant's favor, and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008).

The Court finds it unnecessary to reach the merits of Petitioner's habeas petition because the requested relief is either inappropriate at this stage, unnecessary, or the Court lacks jurisdiction to grant such relief.

The first form of relief requested, his immediate release from custody, is inappropriate at this stage of the habeas proceedings. As Petitioner is currently in

custody, ordering his immediate release would be an affirmative act that changes the status quo. These types of requests are particularly disfavored. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). Granting this specific relief before Respondents have an opportunity to be heard is unwarranted.

Turning to Petitioner's request to enjoin Respondents from transferring him out of the district, Petitioner indicates that he had an immigration hearing set for October 13, 2026, in Miami, Florida, and any transfer out of the Western District of Washington would negatively impact his ability to participate in the habeas proceedings. As this Motion was filed on October 14, 2026, the Court is unclear as to whether Petitioner was transferred out of the district or if there is any imminent risk of future transfers. Jurisdiction over a habeas petition attaches at the time the petition is filed and is not destroyed if the petitioner is transferred at a later stage, so there is no risk of this Court losing jurisdiction due to a transfer. *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1989). The risk of harm is too remote to warrant injunctive relief as to this request.

Regarding Petitioner's final request to enjoin Respondents from removing him from the United States while his habeas petition is pending, the Court lacks jurisdiction to grant this specific request. Although it does not appear that there is a final order of removal against Petitioner at this time, if such an order is entered against Petitioner, the Court lacks jurisdiction to interfere with the timing and execution of valid final orders of removal. 8 U.S.C. § 1252(g); *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022).

//

//

//

//

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Temporary Restraining Order, ECF No. 2, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to pro se Petitioner and counsel once a Notice of Appearance has been entered for Respondents.

**DATED** this 16th day of October 2026.

Stanley A. Bastian
United States District Judge